**UNITED STATES of America, Appellant,**

v.

**Aubrey Stanley YOUNG, Defendant–Appellee.**

**Docket No. 97–1455.**

United States Court of Appeals, Second Circuit.

Argued April 14, 1998.

Decided May 12, 1998.

David B. Pitofsky, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, Brooklyn, NY, on the brief), for Appellant.

Barry D. Leiwant, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York City, for Defendant-Appellee.

* The Honorable John F. Keenan, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

Before: KEARSE and MINER, Circuit Judges, and KEENAN,* District Judge.

KEENAN, District Judge.

The government appeals from an amended judgment entered July 28, 1997 in the United States District Court for the Eastern District of New York, convicting Defendant Aubrey Stanley Young of importing cocaine in violation of 21 U.S.C. § 952(a) following Young's plea of guilty before David G. Trager, *Judge*. The district court sentenced the defendant to 21 months' imprisonment, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. The defendant, a naturalized United States citizen, received a one-level downward departure because the court believed that the Sentencing Commission did not consider the impact of a one-level downward departure for aliens who stipulate to deportation upon "similarly situated Americans." In the Eastern District of New York, the United States Attorney has a policy of agreeing to recommend a one-level downward departure at sentencing pursuant to federal Sentencing Guidelines ("Guidelines") § 5K2.0 in cases involving aggravated felonies committed by alien defendants. In return for this departure recommendation, the alien defendant must agree to stipulate to a judicial order of removal. The alien defendant is required to waive his right to a removal hearing before an immigration judge and his right to appeal or otherwise challenge the removal order. The entry of the order of removal results in the immediate deportation of the alien defendant upon the completion of his period of incarceration. On appeal, the government contends that the district court erred in granting the one-level downward departure based upon Young's status as a naturalized United States citizen because the court improperly equated Young with alien defendants with whom he was not similarly situated. For the reasons discussed below, we reverse.

## I. BACKGROUND

On November 23, 1996, Young was arrested at John F. Kennedy International Airport, having arrived on a flight from Guyana with a piece of luggage that contained 1,356 grams of cocaine. He was indicted for drug importation in violation of 21 U.S.C. § 952(a) and drug possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Young entered into a written plea agreement with the government, pursuant to which Young pleaded guilty to the § 952(a) count. The plea agreement provided for the government to recommend to the Probation Department a four-level reduction for minimal role in the offense, pursuant to Guidelines § 3B1.2(a), and a three-level reduction for acceptance of responsibility, pursuant to Guidelines § 3E1.1. The plea agreement did not include an agreement by the government to recommend a one-level departure for stipulated deportation because the defendant became a naturalized citizen on September 7, 1994. Young satisfied a further two-level reduction under the "safety valve" provisions of Guidelines §§ 2D1.1(b)(4) and 5C1.2. Thus, his base offense level was reduced from 26 to 17, calling for a guideline range of 24 to 30 months.

At Young's June 5, 1997 sentencing, defense counsel sought the one-level departure given to alien defendants who stipulate to deportation. He argued that to deny Young the one-level departure would, in effect, penalize him for having entered the country legally in 1981 and becoming a citizen in 1994. Relying upon this argument, the district court granted the requested one-level departure:

MR. KIRCHHEIMER [defense counsel]: Well, I would like to ask you to give him less than 24 months, Judge. This is one of the unique cases where Mr. Young will suffer for the fact he actually went ahead and got naturalized as an American citizen. He can't stipulate to deportation, because he doesn't live in Guyana.

THE COURT: Most people want to stay in America.

MR. KIRCHHEIMER: It doesn't seem right he should get a couple of extra months because he can't stipulate to deportation like other clients, and perhaps you ought to equalize that.

. . .

THE COURT: You want an additional level on the assumption he is an immigrant?

MR. KIRCHHEIMER: No. A legal immigrant, Judge. You ought to put him in the same condition you put all my illegal immigrant clients that get the benefit of being deported.

THE COURT: I will give you A for effort. Level 16. Don't push your luck. So, it is 21 months.

MR. PITOFSKY [the Assistant U.S. Attorney]: Your Honor, if I could be heard? I understand your Honor's sympathies in this case and desire to show some leniency to the defendant, but the basis on which the Court just gave [a] departure is, while clever, illogical, and the argument is simply—it simply has nothing to do with the facts of the case.

THE COURT: I have no doubt if you appeal I will be reversed. All right. If you want to save the government the money, I think 21 months is a reasonable sentence for this defendant. It is not like he's walking out of here.

(Sentencing Transcript, June 5, 1997, at 2–4.)

The written judgment, filed on June 25, 1997, did not reflect the district court's decision to grant the one-level downward departure. Rather, the judgment indicated that the parties consented to an unspecified one-level reduction. The government moved to correct this error in the written judgment, pursuant to Fed.R.Crim.P. 36. At a conference on July 16, 1997, the district court granted the government's motion to correct the written judgment. During that conference, the district court also expanded upon its reasoning in granting the one-level downward departure:

The record ought to point out the following: The whole purpose of the guidelines, [the] essential purposes were two fold. One, truth in sentencing and more importantly that similarly situated defendants should get the same sentence.

For a long history will tell the story how defendants, alien defendants, essentially served their time plus additional time because the Department of Justice could not run the Immigration and Naturalization Service properly, so people were sitting in jail waiting for deportation proceedings and history [sic] is outlined in Judge Korman's opinion on the subject.

The Justice Department, unwilling to provide the resources to make the immigration services work, decided they would adopt a new approach, hardly one that I would criticize, which was in effect to give a discount to aliens by giving them a step if they waive their procedural right.

That is essentially what happened here, to in effect relieve the burden on the Immigration and Naturalization Service.

The only problem with that approach is that it ends up creating new disparate treatment among defendants to this extent, negative toward American citizens.

It strikes me that there is something very peculiar about a system that is designed to assure equal treatment because the Justice Department can't do their [sic] job, defendants are being treated differently for no other reason than they happen to be American citizens.

I never complained about the downward departure because I consider the guidelines in these kinds of cases with minor participants absolutely irrational and Draconian. So I am willing to accept any theory which would reduce the sentence to a reasonable level.

I think the sentence of 21 month [sic] is a very reasonable [sic] considering all the circumstances with this defendant.

So to help you make a record, I am downwardly departing one level because the Commission did not consider the impact of this one level departure for downward departures for aliens the impact it would have of unfairness to similarly situated Americans.

See if you can defend the situation.

(Conference Transcript, July 16, 1997, at 3–4.)

The government appeals the district court's one-level downward departure.

## II. ANALYSIS

▮ District courts may depart from the applicable guideline sentencing range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Departure decisions are reviewed for abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 2046–47, 135 L.Ed.2d 392 (1996). This standard "includes review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* at 100, 116 S.Ct. at 2048. "[W]hether a factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the district court's resolution of the point." *Id.*

▮ After over ten years experience with the Guidelines, it is axiomatic that departures from the guideline range are appropriate only if the case is atypical or outside of the heartland. *See id.* at 93–95, 116 S.Ct. at 2043–45; *United States v. Rogers*, 972 F.2d 489, 493 (2d Cir.1992). The district court did not find anything about this defendant or his case that is so unusual as to cause it to be atypical or outside the heartland. Young is a naturalized United States citizen without a prior criminal record, now 30 years old, who pleaded guilty to a substantial drug offense. For pleading guilty to his "minimal role" in the offense as one without a previous record he has already received a nine-level reduction. Insofar as these offense and criminal history characteristics are concerned, a defendant's status as a United States citizen is not a permissible basis for departure. In concluding that Young's status as a United States citizen rendered him atypical because he could not stipulate to deportation and receive the one-level downward departure generally given to alien defendants who enter into such stipulations, the district court erroneously equated Young with alien defendants to whom he is not similarly situated.

In enacting the Guidelines "Congress sought reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders." Guidelines, Ch. 1, Pt. A, § 3. The district court recognized this principle in stating that "[t]he whole purpose of the guidelines ... [is] more importantly that similarly situated defendants should get the same sentence" (Conference Transcript, July 16, 1997, at 3), and the district court sought to apply this principle by granting Young a downward departure on the belief that he was similarly situated to alien defendants but would receive a harsher sentence due to his status as a United States citizen. The problem with the district court's reasoning is that, even assuming that stipulation for deportation is a proper basis for a downward departure, a question not yet decided by this Court, see, e.g., United States v. Zapata, 135 F.3d 844, 847 (2d Cir.1998) ("There is some difference of opinion among the circuit courts as to when consent to deportation may form the basis for a downward departure under § 5K2.0.... This circuit has apparently not yet directly addressed the issue."), Young is not similarly situated to alien defendants because he will not be deported for his criminal conviction. Insofar as the district court granted the downward departure based upon the erroneous conclusion that Young was similarly situated to alien defendants but received harsher treatment in sentencing because of his United States citizenship, we reverse.

## CONCLUSION

The sentence is vacated and the matter is remanded for resentencing consistent with the foregoing.